IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:25-CV-1241-BO-BM

| | |
|---|---|
| LAJUANE A. LATHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| UNITED PARCEL SERVICE, INC. ) | |
| (OHIO), ) | |
| ) | |
| Defendant. ) | |

This cause comes before the Court on defendant United Parcel Service's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and plaintiff's motion for entry of default pursuant to Fed. R. Civ. P. 55(a). The appropriate responses and replies have been filed, or the time for doing so has expired, and in this posture the motions are ripe for ruling. For the reasons that follow, defendant's motion is granted and plaintiff's motion is denied.

## BACKGROUND

Plaintiff, who proceeds in this action *pro se*, filed a complaint against defendant for employment discrimination under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. ¶¶ 2000e, *et seq.*, the Civil Rights Act of 1866, 42 U.S.C. § 1981, and the North Carolina Equal Employment Practices Act (NCEEPA), N.C. Gen. Stat. § 143-422.2. [DE 1]. Plaintiff alleges that defendant discriminated against him on the basis of his religion, Hebrew, race, African American, and color, Black. Plaintiff alleges that he was denied Sabbath accommodations, was racially harassed and falsely accused of using a racial epithet, was retaliated against and fired for using the

phone for fifteen seconds, was instructed by Human Resources to stop using the ethics hotline, and that his hours were erased after he left with high blood pressure. *Id.*

Defendant, United Parcel Service (UPS) seeks to dismiss plaintiff's complaint for failure to allege any plausible claims for relief. Plaintiff seeks entry of default against UPS, arguing that UPS has failed to answer, move against the complaint, or respond in any way.

## DISCUSSION

Clerk's default under Rule 55(a) is appropriate where "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise[.]" Fed. R. Civ. P. 55(a). Plaintiff contends that UPS was properly served on August 5, 2025. [DE 20]. UPS filed a motion to dismiss the complaint on August 19, 2025, which is fewer than twenty-one days from the date of service alleged by plaintiff. UPS is therefore not in default, and plaintiff's motion for entry of default motion is denied.[1]

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v.*

---

[1] Plaintiff earlier filed a return of service purporting to reflect service on UPS on June 26, 2025. [DE 5]. On August 11, 2025, the Clerk notified plaintiff that he should proceed after UPS's failure to answer. [DE 8]. Counsel for UPS appeared on August 19, 2025, and on August 22, 2025, filed a response to the Clerk's notice. [DE 16]. In its response, UPS stated that on June 26, 2025, UPS received only the summons, not the summons and complaint. *See Scott v. Maryland State Dep't of Lab.*, 673 F. App'x 299, 305 (4th Cir. 2016) ("Actual notice does not equate to sufficient service of process, even under the liberal construction of the rules applicable to a pro se plaintiff."). UPS's counsel contacted plaintiff and plaintiff agreed to re-serve UPS's registered agent. Although in his motion for default plaintiff contends that UPS was served on August 5, 2025, UPS states that it was served on July 29, 2025, with the summons and complaint. [DE 16]. Accordingly, the deadline for UPS to respond to the complaint was August 19, 2025, and UPS filed its motion to dismiss on August 19, 2025. Entry of default is not warranted.

2

*Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must be dismissed if the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible[.]" *Twombly*, 550 U.S. at 570.

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotation and citation omitted). However, a court does not "act as an advocate for a pro se litigant," *Gordon v. Leeke*, 574 F.2d 1147, 1152 (4th Cir. 1978), nor is it required to "'discern the unexpressed intent of the plaintiff[.]'" *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (citation omitted). Additionally, the Court may consider plaintiff's Equal Employment Opportunity Commission Charge of Discrimination (EEOC Charge) attached to his complaint without converting the motion to one for summary judgment. *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016); *see also Garrett v. Elko*, No. 95-7939, 1997 U.S. App. LEXIS 21271, at *3 (4th Cir. Aug. 12, 1997) ("in order to determine whether the claim of a pro se plaintiff can withstand a motion to dismiss, it is appropriate to look beyond the face of the complaint to allegations made in any additional materials filed by the plaintiff.").

While a plaintiff does not need prove a prima facie case of a discrimination claim to survive a motion to dismiss, he must nonetheless "allege facts to satisfy the elements of a cause of action created by [the] statute[.]" *McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015); *see also Wicomico Nursing Home v. Padilla*, 910 F.3d 739, 751 (4th Cir. 2018). Additionally, "reference to the elements of [the] claim[s] is helpful to gauge the

3

sufficiency of the allegations." *Gaines v. Balt. Police Dep't*, 657 F.Supp.3d 708, 734 (D. Md. 2023).

Plaintiff first brings a religious discrimination claim under Title VII for failing to accommodate plaintiff's request to not work on Saturdays. *See Chalmers v. Tulon Co. of Richmond*, 101 F.3d 1012, 1017 (4th Cir. 1996) (religious discrimination claims under Title VII encompass both disparate treatment and failure to accommodate theories of discrimination). But plaintiff has not alleged any facts which would support his claim that he has a bona fide religious belief which conflicted with an employment requirement. *See Ramseur v. Concentrix CVG Customer Mgmt. Grp. Inc.*, 467 F. Supp. 3d 316, 326 (W.D.N.C. 2020). Plaintiff alleges only that his religion is Hebrew and that he could not work on the Sabbath. This is insufficient to state a claim for religious discrimination. *See Barnett v. Inova Health Care Servs.*, 125 F.4th 465, 471 (4th Cir. 2025) (plaintiff sufficiently alleged sincere religious belief where she has alleged "she was a devout Christian, baptized in 2011, and made 'all life decisions after thoughtful prayer and Biblical guidance.'"). Although plaintiff's EEOC Charge provides more factual detail regarding his requests for religious accommodation, it is still devoid of factual enhancement as to whether plaintiff has a bona fide religious belief that would prevent him from working on the Sabbath. This claim is therefore dismissed.

Plaintiff further alleges a claim under Title VII and § 1981 for harassment based on race. A hostile work environment exists where "the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment[.]" *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (internal quotations and citation omitted). In order to ultimately prove a claim for a hostile work environment, a plaintiff must demonstrate that "(1) []he experienced

4

unwelcome harassment; (2) the harassment was based on h[is] . . . race, or [other protected characteristic]; (3) the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere; and (4) there is some basis for imposing liability on the employer." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003); *see also Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183 (4th Cir. 2001) (elements of § 1981 and Title VII hostile work environment claim are the same).

Plaintiff's complaint identifies two isolated incidents which support his hostile work environment claim. One involved a comment by a supervisor telling plaintiff to "stop monkey crawling around" and the other, made two months later, involved plaintiff being wrongly accused of using a racial epithet and his supervisor ignoring two Black co-workers who confirmed plaintiff never used the word. "Unlike a typical claim of intentional discrimination based on a discrete act, a hostile-work-environment claim's 'very nature involves repeated conduct.'" *McIver v. Bridgestone Americas, Inc.*, 42 F.4th 398, 407 (4th Cir. 2022) (citation omitted). While plaintiff may have plausibly alleged unwelcome conduct, he has failed to plausibly allege that his workplace was "permeated with discriminatory intimidation [or] ridicule" based on two isolated incidents which took place months apart. *Harris*, 510 U.S. at 21. Even reprehensible comments made on one occasion are generally insufficient to support a hostile work environment claim. *See, e.g., Cuthbertson v. First Star Logistics, LLC*, 638 F. Supp. 3d 581, 593 (W.D.N.C. 2022). In his EEOC Charge, plaintiff also relies on derogatory comments by coworkers about his religion and a question from his supervisor regarding his head covering. But rude and callous treatment, isolated incidents, and simple teasing or offhand comments are insufficient to support a hostile work environment claim. *E.E.O.C. v. Sunbelt Rentals, Inc.*, 521 F.3d 306, 315 (4th Cir. 2008). This claim is therefore dismissed.

5

Plaintiff next alleges a claim for retaliation based upon using his phone for fifteen seconds in July 2024, for which he was fired, being blocked from using the bathroom and being called "Dog" by a supervisor and co-worker in January 2025, and being written up for improper loading in March 2025 after his supervisor denied plaintiff's request for assistance. A plaintiff proceeding on a claim for retaliation in violation of Title VII or § 1981 must be able to ultimately prove that (1) that he engaged in protected activity; (2) that the employer took an adverse employment action against him; and (3) that there is a causal nexus between the protected activity and the adverse action. *Foster v. Univ. of Maryland-E. Shore*, 787 F.3d 243, 250 (4th Cir. 2015); *Donald v. Novant Health, Inc.*, 800 F. Supp. 3d 623, 635 n.3 (E.D.N.C. 2025) (§ 1981 retaliation claim has same elements as a Title VII retaliation claim).

Plaintiff's complaint is devoid of any allegation that he engaged in protected activity prior to being fired, blocked from using the bathroom, or being written up. Protected activity for a retaliation claim falls into two categories—opposition and participation. *E.E.O.C. v. Navy Fed. Credit Union*, 424 F.3d 397, 406 (4th Cir. 2005). Oppositional activity includes making internal complaints where the employee opposes either actions by the employer he believes are unlawful under Title VII or that are, in fact, unlawful under Title VII. *Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 272 (4th Cir. 2015).

Though plaintiff has alleged that in March 2025 a human resources representative told him to stop reporting to the ethics helpline and that they could not help plaintiff, plaintiff does not allege what reports he was making to the hotline, and thus has not plausibly alleged that he was opposing conduct that he reasonably believed violated Title VII. *See McIver*, 42 F.4th at 411. Moreover, plaintiff has not alleged that the comment by human resources, itself, constituted an adverse action, nor has he plausibly alleged that any lost wages were causally connected to any

6

Case 7:25-cv-01241-BO-BM    Document 24    Filed 02/13/26    Page 6 of 7

complaint to human resources. Finally, plaintiff asserts in his EEOC Charge that, in October 2024, plaintiff was told his employment would be terminated, but after UPS discovered that plaintiff had contacted the EEOC he was not terminated, his schedule was changed to Mondays through Fridays, and "all charges against [him] were subsequently downgraded." [DE 1] at 11. Plaintiff's EEOC Charge does not plausibly support adverse action which occurred as a result of plaintiff engaging in protected activity.

Plaintiff's complaint also references medical harm and silenced complaints, which the Court does not construe as separate causes of action. As for plaintiff's claim under NCEEPA, North Carolina courts have not recognized a private cause of action under the NCEEPA. *See Smith v. First Union Nat. Bank*, 202 F.3d 234, 247 (4th Cir. 2000).

Accordingly, having considered the arguments of the parties, the Court grants the motion to dismiss.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for entry of default [DE 20] is DENIED and defendant's motion to dismiss [DE 13] is GRANTED. Plaintiff's complaint is DISMISSED in its entirety to failure to state a claim. The clerk is DIRECTED to close the case.

SO ORDERED, this **13** day of February 2026.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE